UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAYSON ACKENBACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00684-JRS-MJD |
| | ) | |
| CITY OF COLUMBUS, | ) | |
| QUESENBERRY, | ) | |
| CELIX, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Motion to Dismiss**

Plaintiff Jayson Ackenback, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 against the City of Columbus, Sergeant Quesenberry, and Officer Celix, (collectively "Defendants") alleging a violation of his civil rights in connection with his seizure, search, arrest, and prosecution. (ECF No. 1.) Defendants move to dismiss, (ECF No. 17), Ackenback's complaint under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion to dismiss, the Court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). A *pro se* complaint should be "liberally construed" and

1

should be "held to a less stringent standard[] than form pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "[I]f a plaintiff pleads facts that show its suit [is] barred . . . , it may plead itself out of court under a Rule 12(b)(6) analysis." *Orgone Capital*, 912 F.3d at 1044 (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (on a motion to dismiss "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim'") (quoting *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992)). If it grants a motion to dismiss, the Court will normally allow leave to amend the complaint unless amendment would be "futile or otherwise unwarranted." *O'Boyle v. Real Time Resolutions*, Inc.*,* 910 F.3d 338, 347 (7th Cir. 2018).

Ackenback alleges Defendants violated his civil rights and brings claims of false arrest, wrongful imprisonment, illegal search and seizure, violation of due process, malicious prosecution, failure to intervene, and failure to train. Ackenback alleges that on June 19, 2019, he was in an alley with another individual when Sergeant Quesenberry seized him and illegally searched him. Ackenback was arrested and charged with possessions of narcotics. According to the complaint, Sergeant Quesenberry claimed that Ackenback was searched because he was known to be involved in narcotics activity; however, Ackenback claims that he has never been arrested for narcotics and does not sell narcotics. He also claims that he was not breaking any laws at the time of his search. Plaintiff also alleges that Officer Celix participated in

the alleged misconduct and assisted Sergeant Quesenberry, failing to intervene on Ackenback's behalf.

During the Court's screening process, the Court found that Ackenback's claims for malicious prosecution and wrongful imprisonment from the point of Ackenback's conviction are barred, under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), but found that Ackenback's other claims could proceed granted they did not arise from Ackenback's conviction or sentence. Defendants argue that Ackenback's additional claims should be dismissed for failure to state a claim to relief that is plausible on its face.

Ackenback has not alleged enough detail to state a plausible claim against Sergeant Quesenberry for false arrest. False arrest occurs when the officers involved lacked probable cause to make an arrest. *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). Therefore, the existence of probable cause "precludes a § 1983 suit for false arrest." *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992). Ackenback has not plausibly alleged that he was arrested without probable cause. Nor has Ackenback alleged a basis for his false arrest claim. *See Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) ("The Fourth Amendment, not the due process clause, is the proper basis for challenging the lawfulness of an arrest.").

Ackenback has not alleged enough detail to state a plausible claim against Sergeant Quesenberry for illegal search and seizure or a violation of due process. The Fourth Amendment guarantees an individual's right to be secure from unreasonable searches and seizures. U.S. Const. amend. IV. The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property without due process of

law." U.S. Const. amend. XIV.  Ackenback alleges that he was not breaking any laws. (Compl., ECF No. 1 at 2.)  However, one does not need to break a law to be "seized" by a police officer.  *See, e.g., United States v. Eymann*, 962 F.3d 273, 282 (7th Cir. 2020) ("Under *Terry* [*v. Ohio*, 392 U.S. 1 (1968)], police officers may briefly detain a person for investigatory purposes based on the less exacting standard of reasonable suspicion that criminal activity is afoot.").  Ackenback similarly fails to allege any facts that support his claim for a violation of his due process rights—either against Sergeant Quesenberry or Officer Celix.

Ackenback also has not alleged enough detail to state a plausible claim against Officer Celix for failure to intervene.  An officer may be liable under § 1983 "if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer has a realistic opportunity to intervene to prevent that harm from occurring."  *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).  Ackenback alleges that Officer Celix "failed to intervene on the Plaintiff's behalf."  This conclusory statement fails to meet the pleading standard.  *See* Fed. R. Civ. P. 8(a)(2).

Finally, Ackenback does not allege enough facts to support his claims of deliberate indifference and failure to train against the City of Columbus.  When a local government causes a deprivation of rights, only then can it be held liable for constitutional violations.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978).  Generally, however, the doctrine of *respondeat superior* does not apply under § 1983.  *See, e.g.*,

*Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "*Monell* liability is difficult to establish precisely because of the care the law has taken to avoid holding a municipality responsible for an employee's misconduct." *J.K.J. v. Polk County*, 960 F.3d 367, 377 (7th Cir. 2020). Ackenback must first show that a City of Columbus policy or custom caused his alleged constitutional injury. *See Monell*, 436 U.S. at 690–91. But Ackenback fails to allege which City of Columbus policy caused his injury, which constitutional right was violated, and what injury occurred. Indeed, Ackenback states that the City of Columbus has "an unconstitutional policy that was a direct result of [the] injury to the plaintiff," (Compl., ECF No. 1 at 3), but the Court need not "accept as true a legal conclusion couched as a factual allegation," *Papasan*, 478 U.S. at 286. Next, Ackenback "must also demonstrate that, through its deliberate conduct, the [City of Columbus] was the 'moving force' behind the injury alleged." *Bryan County*, 520 U.S. at 404. But Ackenback does not allege, outside of his conclusory language, that the City of Columbus was the moving force behind his injury. Therefore, Ackenback will need to allege additional facts for his two claims against the City of Columbus to survive.

Even drawing all reasonable inferences in Ackenback's favor, Ackenback does not allege enough detail to state a plausible claim against Defendants. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (stating that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."). Ackenback must cure the deficiencies mentioned above by alleging enough facts to support his claims against Defendants the City of Columbus, Sergeant Quesenberry, and Officer Celix.

For the reasons explained above, Defendants' motion to dismiss, (ECF No. 17), is **granted**. Ackenback's claims are **dismissed without prejudice**. Ackenback may file an amended complaint **within 30 days** of this order. Failure to do so will result in a dismissal with prejudice of all counts against Defendants the City of Columbus, Sergeant Quesenberry, and Officer Celix.

**SO ORDERED.**

Date: 10/26/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

JAYSON ACKENBACK
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Pamela G. Schneeman
STEPHENSON MOROW & SEMLER
pschneeman@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com